UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JONES,<br><br>  Plaintiff,<br><br>v.<br><br>THE PEOPLE,<br><br>  Defendant. | Case No.: 15CV2936 BEN (JLB)<br><br>**ORDER:**<br>**(1) GRANTING MOTION TO PROCEED IFP**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT**<br><br>**(3) DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Docket Nos. 1-3] |

Plaintiff Derrick Jones, proceeding pro se, has filed a Complaint. (Docket No. 1.) Plaintiff has not paid the civil filing fee required to commence this action, but has filed a Motion to Proceed In Forma Pauperis ("IFP") and a Motion to Appoint Counsel. (Docket Nos. 2-3.) For the reasons set forth below, the Court **GRANTS** the motion to proceed IFP and *sua sponte* screens and **DISMISSES** the Complaint for lack of subject matter jurisdiction.

///


## DISCUSSION

**I.  Motion to Proceed IFP**

All parties instituting any civil action in a district court must pay a filing fee. 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). Under 28 U.S.C. § 1915(a)(1),

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

Because the information provided in Plaintiff's affidavit reflects an inability to pay the fee to pursue this action, Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

**II.  *Sua Sponte* Screening**

An IFP complaint is subject to mandatory screening.  Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any complaint if at any time the Court determines that it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  The *sua sponte* screening is mandatory.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

It is hard to determine the factual or legal basis for Plaintiff's Complaint, however, there is no basis for this Court's subject matter jurisdiction in the Complaint.  Rather than name a defendant, the Complaint identifies "The People." This might suggest Plaintiff is attempting to challenge a state court criminal conviction, however, he identifies violations of numerous California penal code sections on the second page of his

1  Complaint.[1]  There are individuals identified in association with these penal code
2  sections, but it is not clear if Plaintiff is attempting to name them as defendants.[2]

3       Assuming Plaintiff named a proper defendant and the penal code sections he cites
4  provide for a private right of action, those claims would be state law claims.  Federal
5  courts generally lack subject matter jurisdiction over state law claims unless the parties
6  are citizens of different states, *i.e.* diverse, and the amount in controversy exceeds
7  $75,000.  28 U.S.C. § 1332.  As no defendants are named, there are no allegations as to
8  the citizenship of the parties, although it appears some may be San Diego law
9  enforcement.  This would suggest no diversity given Plaintiff appears to be a California
10 citizen.  There are also no allegations as to an amount in controversy.  The relief Plaintiff
11 requests is an "Order to show casuse[sic] returnable before the San Diego Court with
12 Directions to appoint counsel and hold evidentiary hearing, or dismiss the case outright
13 due to conceded outrageous misconduct by the San Diego Police."  Although the Court is
14 unclear of the basis for this relief or what case Plaintiff seeks to dismiss, it does appear
15 that Plaintiff is seeking action by a state court.  Given only state statutes are cited and
16 Plaintiff appears to seek action by a state court, it is very unclear why he has filed an
17 action in federal court.  Because this Court does not have subject matter jurisdiction, this
18 action must be dismissed.

19      Although it appears Plaintiff is very unlikely to be able to state a claim over which
20 this Court would have jurisdiction, the Court grants Plaintiff leave to file a First
21 Amended Complaint that cures the deficiencies noted above.  If Plaintiff elects to file a
22 FAC, it must be filed on or before **May 1, 2016**.  If Plaintiff does not file a FAC by May

---

[1] The final page of the attachments to his Complaint is a state court denial of a writ of habeas corpus as to Plaintiff and there are statements associated with the state penal code sections concerning false testimony and perjury.  However, all the other attachments attached to the Complaint relate to the conviction of a different person, Gary Peavy.

[2] The individuals are not identified in the caption or identified as parties to the action.

1, 2016, the case will remain closed.

## CONCLUSION

Plaintiff's motion to proceed IFP is **GRANTED**. Plaintiff's Complaint is *sua sponte* **DISMISSED**. Plaintiff's Motion for Appointment of Counsel is **DENIED** as moot. If Plaintiff wishes to file a FAC, it must be filed by **May 1, 2016**.

**IT IS SO ORDERED.**

Dated:  March 21, 2016

_____
Hon. Roger T. Benitez
United States District Judge